**Floyd W. MALONE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19276.**

United States Court of Appeals
Fifth Circuit.

June 29, 1962.

Jim L. Dye, Tallahassee, Fla., Zach H. Douglas, Eugene L. Roberts, Jacksonville, Fla., for appellant.

Clinton Ashmore, U. S. Atty., Edward L. Stahley, Richard W. Erwin, III, Asst. U. S. Attys., Tallahassee, Fla., for appellee.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and SIMPSON, District Judge.

PER CURIAM.

This is an appeal from conviction of the appellant upon two counts of willfully and knowingly attempting to evade and defeat income tax due by him to the United States. 26 U.S.C.A. § 7201. The case was tried by the Court upon waiver of a jury.

The only questions raised on appeal are whether the trial court applied the correct standard in ascertaining whether the violation was willful and whether, if so, there was sufficient evidence of willfulness to sustain the conviction. The Supreme Court has, as has this Court, repeatedly said that willfulness in such a case "cannot be inferred from the mere understatement of income." Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150. Appellant construes this language to mean that the fact of understatement cannot be given any weight even in connection with other evidence tending to prove a knowing and intentional attempt to evade the tax. This is not the rule. Evidence of understatement may be considered when coupled with other facts in the present case. Statements of the appellant that he had no bank accounts, the finding of a bank account in a city other than that of his residence, and appellant's statement that

he had no bank account because "the Government would take it all for taxes" are sufficient factors which, when added to the substantial understatements in the two years, fully justify the Court's finding of guilt.

The judgment is

Affirmed.